1 UNITED STATES DISTRICT COURT
  FOR THE EASTERN DISTRICT OF NORTH CAROLINA
2 WESTERN DIVISION

3 UNITED STATES OF AMERICA,      :      Docket No. 5:01-CR-0094-BO-1

4      Plaintiff,                :      Raleigh, North Carolina
                                        Wednesday, December 21, 2011
5         v.                     :      9:58 a.m.

6 ALBURY FRANCIS,                :

7      Defendant.                :

8 : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

9
                TRANSCRIPT OF INITIAL APPEARANCE HEARING
10              BEFORE THE HONORABLE WILLIAM A. WEBB,
                    UNITED STATES MAGISTRATE JUDGE
11

12 APPEARANCES:

13 For the United States          United States Attorney's Office
   of America:                    BY:  ETHAN ONTJES, AUSA
14                                310 New Bern Avenue, Suite 800
                                  Raleigh, North Carolina  27601
15
   For the Defendant:             Nunley & Associates, PLLC
16                                BY:  ROBERT E. NUNLEY, ESQ.
                                  5 West Hargett St., Suite 1000
17                                Raleigh, North Carolina  27601

18

19 Audio Operator:                COURT PERSONNEL

20

21 Transcript prepared by:        JANICE RUSSELL TRANSCRIPTS
                                  1133 Tanager Trail
22                                Virginia Beach, Virginia  23451
                                  (757) 422-9089
23                                trussell31@cox.net

24
   Proceedings recorded by electronic sound recording; transcript
25 produced by transcription service.

1   P R O C E E D I N G S

2        (Call to Order of the Court)

3        THE COURT:  This is the time for the initial

4   appearances in the cases of the United States of America versus

5   Alvury Francis and ***.

6        Who's Mr. Francis?

7        Mr. Francis -- Mr. Nunley, I understand you represent

8   him?

9        MR. NUNLEY:  Yes, sir.

10       THE COURT:  Come on up and join him.

11      (Mr. Nunley complies)

12       THE COURT:  You all set for Christmas?

13       MR. NUNLEY:  Excuse me, sir?

14       THE COURT:  Are you all set for Christmas?

15       MR. NUNLEY:  I'll have to work on that.

16                            * * *

17       THE COURT:  Mr. Francis, you've been charged by a

18  Grand Jury in this District as follows:  That on or about

19  February 6, 2001, in the Eastern District of North Carolina,

20  you did knowingly and intentionally possess with the intent to

21  distribute more than 50 grams of crack cocaine, in violation of

22  Title 21, United States Code, § 841(a)(1).

23       Count 2 charges that on that same day, in this

24  District, you knowingly and intentionally possessed with the

25  intent to distribute more than 500 grams of cocaine

3

 1   hydrochloride, in violation of Title 21, United States Code,

 2   § 841(a)(1).

 3          The United States, in Count 3, seeks the forfeiture of

 4   approximately $49,549 of United States currency and the right

 5   to substitute any assets you may have if you do not, in fact,

 6   still have that money.

 7          Would you inform the defendant of the maximum

 8   punishment he faces as well as the Government's position

 9   regarding his liberty status?

10          MR. ONTJES:  Yes, Your Honor.

11          Your Honor, the penalties are the same as to both

12   Counts 1 and 2.  The defendant faces not less than 5 years, nor

13   more than 40 years imprisonment, up to a $5 million fine and/or

14   both, and up to five years supervised release and a $100

15   special assessment per count.

16          The Government will be seeking detention in this

17   matter.

18          THE COURT:  Thank you.

19          Mr. Francis, the Government has asked that you be held

20   in custody from now until the time of your trial.  Whether you

21   should be held in custody or not would normally be a decision

22   made by a Judge at a detention hearing that would be held on

23   Tuesday, December 29th.  However, I've been handed a document

24   entitled Waiver of Detention Hearing signed by Mr. Nunley here

25   in court and above his signature there is another signature.

```
                                                                    4
 1              Did you sign that document?
 2              MR. NUNLEY:  Stand up.
 3              THE DEFENDANT:  Yes, I did.
 4              THE COURT:  And is that what you want to do, waive or
 5   give up your right to a hearing?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Thank you.  You may have a seat.
 8              Based on the foregoing, I find there's probable cause
 9   to believe -- I'm sorry -- I find that the, that the Waiver is
10   knowingly and voluntarily made, accept on behalf of the court,
11   and direct the clerk to file it.
12              Now under the Constitution and the laws of the United
13   States, you have the following rights:
14              You have the right to remain silent.  This means that
15   no one can require you to answer any questions or make any
16   statements about the charges you face.  This is a right you can
17   waive or give up.
18              So after knowing of your right to silence, if you
19   decide to answer any questions or make any statements, whatever
20   you say can be used against you.
21              On a later date you'll be called on to enter a plea to
22   the charges contained in the indictment.  That plea can either
23   be guilty or not guilty.
24              If you decide to plead guilty, there'll be no trial
25   because you'll be admitting that you committed the crimes
```

5

1 charged in the indictment. However, if you decide to plead not
2 guilty, there will be a trial.
3     At a trial you'll be presumed innocent. There'll be
4 no burden on the Government to prove you guilty. The burden --
5 there'll be no burden on you to prove your innocence. The
6 burden will be on the Government to prove you guilty beyond a
7 reasonable doubt. To do that, the Government must bring in
8 witnesses to testify in open court. They'll be put under oath
9 and testify from the witness stand. After the Government
10 finishes asking these witnesses questions, your attorney would
11 be allowed to question them. This is called cross-examination.
12 These rights stem from your right under the Constitution to
13 confront the witnesses against you.
14     At trial, you have the right to present evidence on
15 your own behalf. This includes the right for you to testify,
16 but only if you wish to do so. You cannot be required to
17 testify. That is because of the right to silence I informed
18 you of earlier. If you elect not to testify at trial, the
19 Judge may not from that fact assume you are guilty and will
20 tell the jury that they may not assume your guilt from your
21 silence.
22     You have the right to use a subpoena to make witnesses
23 favorable to you come to court and testify on your behalf.
24     You have the right to a jury trial.
25     You were previously informed of your right to counsel

1  and you have --
2  You're retained, are you not, Mr. Nunley?
3  MR. NUNLEY: I am, Your Honor.
4  THE COURT: -- you've retained Mr. Nunley.
5  Sir, would you stand, please?
6  (Mr. Francis complies)
7  THE COURT: Have you heard everything I've said today?
8  THE DEFENDANT: Yes, I have.
9  THE COURT: Do you feel you've understood everything
10 I've said?
11 THE COURT: I do.
12 THE COURT: Do you have any questions?
13 THE DEFENDANT: Not at this time.
14 THE COURT: Thank you. You may have a seat.
15 Mr. Marshal, he'll be in your custody.
16 MR. NUNLEY: Your Honor, one matter before we move on.
17 His name on the indictment is spelled A-L-V-U-R-Y.
18 THE COURT: Uh-huh. (Indicating an affirmative
19 response)
20 MR. NUNLEY: When I filed the notice last night, I
21 noted that the correct spelling is A-L-B-U-R-Y and the A-L-V is
22 an a/k/a. I just wanted to alert the Court to the reason.
23 THE COURT: I appreciate that. You can either talk to
24 the U. S. Attorney and they can change it or not.
25 MR. NUNLEY: Very well, Your Honor.

|   |   |
|---|---|
| 1 | THE COURT: Thank you. |
| 2 | MR. ONTJES: Thank you, Your Honor. |
| 3 | (Proceedings concluded at 10:11 a.m.) |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | <u>CERTIFICATE</u> |
| 10 | I, court approved transcriber, certify that the |
| 11 | foregoing is a correct transcript from the official electronic |
| 12 | sound recording of the proceedings in the above-entitled |
| 13 | matter. |
| 14 | /s/ Janice Russell                              March 5, 2013 |
| 15 | Janice Russell, Transcriber                           Date |