IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:01-CR-94-BO
NO. 5:14-CV-881-BO

| | |
|---|---|
| ALBURY FRANCIS,<br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | **ORDER** |

This matter is before the Court on petitioner's motion pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and the § 2255 petition is dismissed.

## BACKGROUND

On April 24, 2012, petitioner, Albury Francis, pleaded guilty pursuant to a plea agreement to possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Petitioner was sentenced on December 13, 2012, to a term of 120 months' imprisonment. Petitioner noticed a direct appeal, and the judgment of this Court was affirmed by opinion entered September 13, 2013. Petitioner timely filed the instant motion on December 12, 2014. Petitioner contends that he received the ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to pursue an objection related to the calculation of petitioner's Sentencing Guidelines range. The government has moved to dismiss

petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Petitioner contends that his trial counsel was ineffective for failing to object to the inclusion of a firearm enhancement to petitioner's advisory Guidelines range under U.S.S.G. § 2D1.1. Section 2D1.1 provides for a two level enhancement if a defendant possessed a dangerous weapon, including a firearm, in connection with a drug offense. U.S.S.G. § 2D1.1(b)(1). The two level enhancement should be applied if a weapon was present, unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. § 2D1.1(b)(1),

2

cmt. 11(A). "[T]he Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *United States v. Manigan*, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation and citation omitted). The government may rely on circumstantial evidence, and the sentencing court may consider the type of weapon, the location of the weapon, as well as the settled connection between firearms and drugs when determining if the government has satisfied its burden. *Id.* at 629-30. The burden is on the defendant raising an objection to show that connection between the firearm and narcotics offense is clearly improbable. *United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997).

Petitioner contends that because the firearm at issue, a .45 caliber pistol, was found during a search of his girlfriend's apartment, which defendant does not contest that he shared, there lacks a sufficient nexus to connect the firearm to petitioner's drug activity.

First, the Court notes that counsel did file a written objection to the § 2D1.1 enhancement which was included in petitioner's presentence report. [DE 37]. The probation officer responded to counsel's objection and explained the basis for inclusion of the § 2D1.1 enhancement. *Id.* Second, petitioner's counsel's decision not to pursue the objection at the sentencing hearing did not fall below an objective standard of reasonableness.

In considering whether counsel's performance was deficient, a court "must not permit hindsight to distort [its] assessment of counsel's performance, and [it] must appreciate that counsel may choose a trial strategy from within a wide range of acceptable strategies." *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000). At the sentencing hearing, counsel for petitioner stated that after consulting with the government, co-counsel, and the probation office, as well as having conducted a thorough review of the law, petitioner would not be able to satisfy his burden

3

to show that the gun was not highly probably connected with the offense. [DE 51 at 4]. Counsel then withdrew the objection, stating that he did not believe it to have any firm legal basis. *Id.*

The record in this matter does not support that counsel's decision fell below an objective standard of reasonableness. Though the firearm was not located with petitioner's drugs, it was discovered in the same apartment where over $46,000 in currency was stored, which were believed to be proceeds from the sale of narcotics, and were acknowledge to be as much by petitioner's counsel. [DE 51 at 15]. Moreover, the probation office in its response to petitioner's written objection noted that someone who routinely purchased cocaine from petitioner told law enforcement that petitioner carried a .45 caliber pistol. [DE 37 at 13]. Based on the facts supporting inclusion of the enhancement and the relevant case law, the Court finds that counsel's tactic regarding the § 2D1.1 enhancement was reasonable.

Moreover, the same factors demonstrate that petitioner cannot show resulting prejudice from counsel's failure to pursue the objection. Petitioner has not provided any information which would convince the Court that had counsel raised the objection, the Court would not have overruled it. *See e.g. United States v. Mabry*, 576 F. App'x 155, 157 (4th Cir. 2014) (where firearms stored in a separate storage unit from another storage unit containing ammunition for the firearms and cash, and where defendants regularly visited storage units, defendants had failed to show that it was clearly improbable that firearms connected to drug offense); *United States v. Campos*, 435 F. App'x 274 (4th Cir. 2011) (not clearly improbable that firearm located at residence where money was stored "was available to protect [defendant] and the money from theft and the risk of violence inherent in drug dealing"). Petitioner has therefore failed to state a claim upon which relief could be granted and his petition is properly dismissed.

4

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 64] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 60] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this /0 day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE