IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-CR-94-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALBURY FRANCIS | ) | |

This cause comes before the Court on defendant's *pro se* motion for a reduced sentence under Section 404 of the First Step Act and Amendment 706 to the United States Sentencing Guidelines. [DE 105]. The government has responded in opposition and the motion for reduction is ripe for disposition. For the reasons that follow, defendant's motion for a reduced sentence is denied.

## BACKGROUND

Defendant was indicted on April 17, 2001, for possession with intent to distribute fifty grams or more of cocaine base (count one) and possession with intent to distribute more than 500 grams of cocaine hydrochloride (count two). 21 U.S.C. § 841(a)(1); [DE 1]. Defendant pleaded guilty to count one, and was sentenced on December 13, 2012, to 120 months' imprisonment and five years of supervised release. [DE 41].

In August 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, modifying the statutory penalties for certain crack offenses. The Fair Sentencing Act established new thresholds for mandatory minimum sentences. Previously, a defendant found responsible for at least 50 grams of crack faced a mandatory minimum of 10 years' imprisonment; the Fair Sentencing Act raised the threshold to 280 grams. The Fair Sentencing Act, however, was

not made retroactive, so it was inapplicable to individuals who had already been sentenced and who were no longer on direct review. In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which—among other things—made the Fair Sentencing Act's new crack thresholds retroactively applicable to defendants who had been sentenced prior to August 3, 2010.

In March 2019, relying on the First Step Act and the newly retroactive crack thresholds, defendant moved for a reduced sentence. [DE 52]. In May 2019, the Office of the Federal Public Defender (FPD) appeared on behalf of defendant, determined that it did not intend to present any motions on defendant's behalf, and was granted permission to withdraw. [DE 108-110]. In June 2019, the government responded in opposition to defendant's motion for a reduced sentence.

## DISCUSSION

The First Step Act authorizes courts to impose reduced sentences "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b). A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a). But the First Step Act also provides that courts shall not reduce a sentence if it "was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce a sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.* § 404(c). The First Step Act also makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

2

In other words, if a defendant committed a crack offense prior to August 3, 2010, the statutory penalties for which were modified by the Fair Sentencing Act, and that defendant did not already receive the benefit of the Fair Sentencing Act or have a prior motion under § 404 of the First Step Act denied on the merits, the defendant is facially eligible for a reduced sentence. Even if a defendant is facially eligible, courts retain the discretion to decline to impose a reduced sentence.

Defendant is, however, facially ineligible for relief under Section 404 of the First Step Act. Although defendant was indicted prior to the passage of the Fair Sentencing Act, he was not sentenced until after it is passage, and thus he received the benefit of the new statutory sentencing range. *See* [DE 37] (listing defendant's statutory imprisonment range as not less than five nor more than forty years; *see also Dorsey v. United States*, 567 U.S. 260, 281 (2012) ("the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders.").

Defendant has also already received any benefit from Amendment 706 to the United States Sentencing Guidelines. On November 1, 2008, the Sentencing Commission issued Amendment 706, which revised the crack guidelines to reduce the base offense levels applicable to crack offenses under U.S.S.G. § 2D1.1 by two levels. *United States v. Lindsey*, 556 F.3d 238, 242 (4th Cir. 2009). Defendant was sentenced in December 2012, and his advisory Guidelines base offense level was calculated using the 2012 edition of the *Guidelines Manual*. [DE 37]. Thus, Amendment 706 did not have the effect of subsequently lowering defendant's Guidelines sentencing range, and he is ineligible for a sentence reduction on that ground pursuant to 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the above reasons, defendant's motion for a reduction in sentence [DE 105] is denied.

SO ORDERED, this 5 day of November, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE